PABLO CALCERRADA, Plaintiff and Appellant, v. AMERICAN RAILROAD COMPANY, Defendant and Appellee.

No. 4254. Argued May 9, 1927.—Decided May 10, 1927.

*E. Martínez Avilés* for the appellant. *M. Acosta Velarde* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Motion for dismissal of the appeal taken by the plaintiff in this case.

The trial court rendered two judgments in the present case, one of May 27, 1925, sustaining a motion of nonsuit and dismissing the complaint, and another of March 17, 1927, sustaining the complaint and adjudging that the defendant pay to the plaintiff a certain amount as damages.

On April 14, 1927, the plaintiff served notice of appeal on the clerk and the attorney for the defendant from the latter judgment as to the amount of damages. The first error assigned by the appellee for dismissal of the appeal is on the ground that the notice does not specify which of the two judgments is appealed from.

Though the notices of appeal must specify the decision or judgment appealed from, especially if there are more than one, we are of the opinion that in the present case the notice of appeal contains sufficient data to show which is the judgment appealed from, because as the claim of the plaintiff had been denied in the first judgment and he was adjudged a certain sum by that of March 17, 1927, when the notice of appeal states that he is aggrieved by the amount of the judgment, it means the judgment of March 17, 1927.

In the second assignment for dismissal several defects in the service of the notice of appeal are alleged, as follows:

"(a) That it did not state the person who made the service of the notice of appeal.

"(b) That it did not state that the proper postage had been paid.

"(c) That though it mentioned that the envelope was addressed to attorney Mariano Acosta Velarde, it did not name the residence

of that attorney, or the place or town to which the envelope had been sent.

"(d) That it did not state that the attorneys for the parties resided in different towns."

The appellant opposed the motion to dismiss and submitted receipt No. 2036 of the postmaster of Arecibo, dated April 14, 1927, to the effect that he had received a registered envelope for Mariano Acosta Velarde in San Juan, and a postcard No. 2036, dated two days later in San Juan, showing that Mariano Acosta Velarde had received said registered envelope. The appellant also submitted a copy of the notice of appeal taken in the present case by the appellee, signed in San Juan for Arecibo by attorney Mariano Acosta Velarde.

The return of the notice of appeal taken by the plaintiff reads:

"I, E. Martínez Avilés, state under oath; That under this date and in a duly registered envelope I have deposited in the postoffice of Arecibo an envelope containing a faithful and true copy of the foregoing notice of appeal addressed to attorney Mariano Acosta Velarde who is the attorney for the defendant as shown by the record, and that between this city and San Juan, P. R., there is a regular daily mail service.—Arecibo, P. R., April 14, 1927.—(Signed) E. Martínez Avilés."

According to that return E. Martínez Avilés states, under oath, "I have deposited in the postoffice," thus showing that it was E. Martínez Avilés who deposited the envelope in the postoffice, and therefore the defect mentioned under letter (a) does not exist.

He also stated that he deposited in the postoffice the envelope duly registered and therefore the defect stated under letter (b) as to failure to pay the postage does not exist.

The defect under letter (c) can not be sustained, for, though the aforesaid return does not mention the city or town of residence of attorney Mariano Acosta Velarde, nor the place, city or town where the envelope was sent; how-

ever, the appellant has sufficiently shown that the aforesaid attorney resides in San Juan; that the envelope was forwarded to the latter city from Arecibo, and that it was delivered to him.

Lastly, though no mention is made that the attorneys for the parties reside in different towns or cities, we have already stated that this has been shown.

Therefore, as the requirements of the provisions of sections 321 and 322 of the Code of Civil Procedure have been substantially complied with, the motion to dismiss must be overruled.